**FILED**
**APR 0 4 1997**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| THE REXROTH CORPORATION, | ) |
| Plaintiff | ) |
| v. | ) CV NO. 97-HM-0185-NW |
| CHATWINS GROUP, INC., KVAERNER US, INC., and REYNOLDS METALS COMPANY, | ) |
| Defendants | ) |



**ENTERED**
**APR 0 4 1997**

## MEMORANDUM OPINION

The above-entitled removed civil action is currently before this Court on the Court's own initial jurisdictional review. This case was removed to this federal district court on January 24, 1997 from the Circuit Court of Colbert County, Alabama. No Motion to Remand has been filed to date. For the reasons hereinafter stated, this Court finds that it lacks subject matter jurisdiction over this civil action and consequently must *sua sponte* remand this action to the Colbert County Circuit Court from whence it was removed.

### PROCEDURAL AND FACTUAL BACKGROUND

On December 30, 1996 Plaintiff Rexroth Corporation [hereinafter "Rexroth"] filed its complaint in the Circuit Court of Colbert County, Alabama against Defendants Chatwins Group, Inc. [hereinafter "Chatwins"], Kvaerner U.S., Inc. and [hereinafter "Kvaerner"], Reynolds Metals Company [hereinafter "Reynolds"]. In this state court complaint, Plaintiff alleges that it entered into a contract with Defendant Chatwins to perform certain construction

work on land in Colbert County, Alabama. Chatwins had allegedly subcontracted the work from Defendant Kvaerner. It is further alleged that Defendant Kvaerner had been hired by Defendant Reynolds, the owner of the land, as the project's general contractor.

Plaintiff alleges that Defendant Chatwins agreed to pay Plaintiff a total of $828,656.00 for Plaintiff's work. Plaintiff further alleges that through partial payments, it has received a total of $638,491.55 from Defendant Chatwins, leaving $190,164.45 remaining to be paid. It is further alleged by Plaintiff Rexroth that they have completed their obligations under the contract and are now due this outstanding balance. Plaintiff also alleges that on October 29, 1997 Plaintiff filed in the Colbert County Probate Court a Verified Statement of Lien in which Plaintiff Rexroth asserted a mechanic's and materialman's lien against the land on which the construction was done.

Plaintiff's state court complaint contains four [4] state law claims for relief. Count I states a claim against Defendant Chatwins for breach of contract. Count II contains a claim against Defendant Chatwins for work and labor done and materials provided. Count III asserts a claim against Defendants Chatwins, Kvaerner, and Reynolds for work and labor done and materials and equipment furnished. Count IV includes a claim for a lien on the land, to be discharged by the condemnation and sale of the land in satisfaction of the debt owed. The prayer for relief following each count seeks judgment in the amount of the unpaid contractual price,

2

$190,164.45, plus interest from June 30, 1996, court costs and attorney's fees.

On January 24, 1997 Defendants Chatwins, Kvaerner, and Reynolds timely filed their joint Notice of Removal in this United States District Court. The Notice predicated this Court's jurisdiction on 28 U.S.C. § 1332(a) [diversity of citizenship and amount in controversy]. Under date of February 14, 1997 this Court entered an Order reminding the party litigants of the deadline for the filing of a Motion to Remand based on some defect other than subject matter jurisdiction under 28 U.S.C. § 1447(c). No Motion to Remand based on subject matter jurisdiction or otherwise was ever filed.

## DISCUSSION

All defendants in this civil action are corporations. 28 U.S.C. § 1332(c)(1) instructs that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated **and** of the State where it has its principal place of business. . . ." (emphasis added). Thus, a corporation may simultaneously be a citizen of several states for purposes of diversity jurisdiction.

In Defendants' joint Notice of Removal (and in Plaintiff's state court complaint) it is alleged that Plaintiff Rexroth is a corporation organized and existing pursuant to the laws of the State of Pennsylvania with it principal place of business in Pennsylvania, making Plaintiff a citizen of Pennsylvania for diversity jurisdiction purposes. Defendants further allege that Defendant Chatwins is a Delaware corporation with its principal

3

place of business in the State of Ohio. Defendant Chatwins is therefore a citizen of both Ohio and Delaware within the meaning of 28 U.S.C. § 1332(a),(c). It is further alleged by Defendants that Defendant Reynolds is a corporation organized and existing under the law of the State of Delaware with its principal place of business in the State of Virginia. Thus Defendant Reynolds is a citizen of both Delaware and Virginia. Finally, Defendants jointly allege that Defendant Kvaerner is also a Delaware corporation with its principal place of business in the State of Pennsylvania. Consequently, Defendant Kvaerner is a citizen of the States of Delaware and Pennsylvania.

The United States Supreme Court has long held that in order for federal courts to exercise diversity jurisdiction there must be complete diversity of citizenship among the party litigants. *See Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267 (1806). In other words, in a diversity action no plaintiff can be of the same citizenship as any defendant. In this case, Defendant Kvaerner and Plaintiff Rexroth are both citizens of the State of Pennsylvania within the meaning of 28 U.S.C. § 1332(a),(c). Accordingly, complete diversity of citizenship being absent, this Court lacks subject matter jurisdiction over this civil action and must remand this case to the Colbert County Circuit Court.

## CONCLUSION

For the reasons hereinabove stated, this Court is of the opinion and now holds that the above-entitled civil action is due to be remanded to the Circuit Court of Colbert County, Alabama,

4

from whence it was removed, **for lack of subject matter jurisdiction.** An appropriate remand order in conformity with this Memorandum Opinion is contemporaneously entered.

DONE this 4th day of April, 1997.

                                                    _____
                                                    E.B. HALTOM, JR.
                                                    SENIOR UNITED STATES DISTRICT JUDGE

FLORENCE, ALABAMA ADDRESS:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415

5